UNITED STATES of America, upon the relation and for the Use of the TENNESSEE VALLEY AUTHORITY, Plaintiff-Appellant,

v.

**58 ACRES OF LAND, MORE OR LESS, IN KNOX COUNTY, TENNESSEE, Earl R. Houser, et al., Defendants-Appellees.**

UNITED STATES of America, upon the relation and for the Use of the TENNESSEE VALLEY AUTHORITY, Plaintiff-Appellee,

v.

**58 ACRES OF LAND, MORE OR LESS, IN KNOX COUNTY, TENNESSEE, Earl R. Houser, et al., Defendants-Appellants.**

Nos. 16516, 16517.

United States Court of Appeals Sixth Circuit.

Aug. 1, 1966.

Charles J. McCarthy, Gen. Counsel, Tennessee Valley Authority, Knoxville, Tenn., for plaintiff-appellant and plaintiff-appellee, Thomas A. Pedersen, Asst. Gen. Counsel, Beverly S. Burbage, James H. Eldridge, Knoxville, Tenn., on the brief.

R. Hunter Cagle, Knoxville, Tenn., for defendants-appellees and defendants-appellants, Arthur D. Byrne, Knoxville, Tenn., on the brief, Poore, Cox, Baker & McAuley, Knoxville, Tenn., of counsel.

Before O'SULLIVAN and EDWARDS, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

These appeals result from the Tennessee Valley Authority building the Melton Hill Reservoir and thus creating an embayment in Beaver Creek ten miles from Knoxville, Tennessee. In the course of this development TVA sought to condemn 58 acres of defendants' 140 acre farm through which Beaver Creek ran.

The case was tried originally before three Commissioners appointed by the District Court under the Tennessee Valley Authority Act, 48 Stat. 58 (1933), as amended 16 U.S.C. §§ 831–831dd (1964). The Commissioners awarded $3,000 as the value of the 58 acres of land taken.

On appeal a statutory three-judge court in the United States District Court for the Eastern District of Tennessee, Northern Division, entered an award in the amount of $9,918.

Both parties have appealed from the District Court award; TVA claiming that the court had failed to take into account the enhancement of the remainder of defendants' land, and the defendants claiming the $9,918 award is too low.

TVA phrases its first question on appeal thus:

> "In a condemnation proceeding to acquire part of a farm for reservoir purposes, is it necessary that the landowner be given unrestricted access to the reservoir before it is proper to offset the special benefits to the remainder which result from the creation of the reservoir?"

Under the special condemnation procedures of the TVA Act, this court considers the case *de novo* and fixes the value of the property upon a review of the record. 48 Stat. 71 (1933), as amended, 16 U.S.C. § 831x (1964).

This court has, however, recognized the "special advantages of the tribunals below in evaluating the evidence." Fain v. United States ex rel. TVA, 145 F.2d 956, 959 (C.A.6, 1944).

We agree with the District Court that the testimony as to sales prior to impounding of the Melton Hill Reservoir properly established that a fair price for the 140 acres of defendants' land was $171 per acre. We feel, however, that this per acre price for the land prior to the taking did not adequately compensate

for the special value added to defendants' land by the preexisting private lake thereon. Defendants' witnesses established this added value as $6,000.

Contrary, however, to the views expressed by the District Court, we cannot agree that the restrictions in favor of TVA upon defendants' rights of access to the newly created lake completely offset all enhancement of value of the remainder of defendants' land. Melton Hill Reservoir will offer to property having access rights thereto the recreational advantages of a deep water lake. The evidence of enhanced sale prices of property situated similarly to defendants is persuasive and there is little if any competent evidence to the contrary.

We hold, therefore, as appellant TVA argues that there were "special benefits" derived from the erection of the Melton Hill Reservoir (See 40 Stat. 911 (1918), 33 U.S.C. § 595 (1964)) which enhanced the value of at least some of the 82 acres remaining to defendants. The Commissioners, however, held that such enhancement was not applicable to all of defendants' remaining acres. They said:

> "[T]he Commission [is] of the opinion that that portion of the Houser tract lying on the East side of Couch Mill Road and which overlooks that part of the Melton Hill Lake at the present entrance of Beaver Creek to the lake, is not desirable for development as lakeshore property."

Since the Commissioners (unlike the District Judges and this court) had the advantage of inspecting the site and noting its topography, we are inclined to accept their judgment on this matter.

It appears to this court that the Stair property, which was sold for $361 per acre after the Melton Hill Reservoir was under construction, was most nearly comparable to defendants' property, since its frontage was principally upon one of the smaller embayments. Applying this per acre price to 50% of the remaining acres, we arrive at a value aft-er taking of $21,812, as compared with a before condemnation value of $29,940.

The judgment of the District Court is vacated and an award will be entered for defendants in the sum of $8,128.